DAVID A. TANNER, Esq.
Nevada Bar No. 8282
**TANNER LAW FIRM**
1320 E. Pebble Rd., Ste. 115
Las Vegas, NV  89123
Telephone (702) 987-8888
Facsimile (702) 410-8070
david@tannerlawfirm.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| LANDRA HOGUE, | CASE NO. 2:17-cv-02702-APG-CWH |
| Plaintiff, | |
| vs. | **STIPULATION AND ORDER TO EXTEND DISCOVERY** |
| SMITH'S FOOD & DRUG CENTERS, INC. dba SMITH'S, a foreign corporation; DOES I through X, and ROE CORPORATIONS I-X, inclusive, | **(SECOND REQUEST)** |
| Defendants. | |

**STIPULATION AND ORDER TO EXTEND DISCOVERY**
**(SECOND REQUEST)**

Plaintiff LANDRA HOGUE, by and through her attorney, DAVID A. TANNER, Esq. of the TANNER LAW FIRM, and Defendant, SMITH'S FOOD & DRUG CENTERS, INC. by and through its attorney, JERRY BUSBY, Esq. of COOPER LEVENSON, and hereby stipulate to the extension of all remaining discovery deadlines by sixty (60) days. Therefore, the parties propose the following revised discovery plan:

1

**DISCOVERY COMPLETED TO DATE**

1. On March 16, 2017, Plaintiff filed her Complaint in the Eighth Judicial District Court.

2. On May 18, 2017, Plaintiff served the Complaint on Defendant.

3. On June 7, 2017, Defendant filed its Answer to Plaintiff's Complaint.

4. On September 1, 2017, the parties conducted the NRCP 16.1 Early Case Conference in the State Court case.

5. On October 19, 2017, Plaintiff propounded written discovery upon Defendant.

6. On October 23, 2017, Defendant filed its Petition for Removal.

7. On November 30, 2017, the parties submitted a Stipulated Discovery Plan and Scheduling Order for the Court's approval.

8. On December 1, 2017, the Court entered the Stipulated Scheduling Order.

9. On January 4, 2018, Defendant propounded written discovery upon Plaintiff.

10. On January 10, 2018, Defendant responded to Plaintiff's written discovery.

11. On February 13, 2018, Plaintiff responded to Defendant's written discovery.

12. On February 14, 2018, the parties submitted a Stipulation and Order to Extend Discovery (First Request) for the Court's approval.

13. On February 15, 2018, Defendant reviewed the Responses to Request for Production of Documents provided by Plaintiff and her former attorney and identified five (5) additional medical providers. Defendant sent a letter dated February 15, 2018 to Plaintiff's attorney requesting a revised HIPAA authorization to allow Defendant to recover the records from these additional providers.

14. On February 16, 2018, Defense counsel sent letters to the twenty-three (23) Medical Providers that Plaintiff and her former attorney had identified in Plaintiff's disclosure statement and in her responses to written discovery.

15. On February 22, 2018, the parties submitted a Joint Interim Status Report.

16. On February 28, 2018, the Court entered the Stipulated Scheduling Order.

17. On March 1, 2018, The Powell Law Firm filed a Motion to Withdraw as Counsel of Record Without Substitution for Plaintiff Landra Hogue.

18. On March 20, 2018, Tanner Law Firm filed a Notice of Association of Counsel.

19. On March 22, 2018, Defense counsel sent a letter to Plaintiff's current attorney requesting supplemental HIPAA authorizations that were never provided by Plaintiff's former attorney prior to his withdrawal. In addition, Defense counsel had identified a pharmacy where Plaintiff obtained prescriptions so Defendant requested new HIPAA authorizations to include the pharmacy. At present, Defense counsel has also learned of one new medical provider that Plaintiff identified in a recent supplemental disclosure so Defendant is in the process of requesting another HIPAA authorization to allow Defendant to recover records from this newly identified provider. Further, Defense counsel became aware that the IRS form 4506 (for recovery of Tax Returns) that was provided by Plaintiff's former attorney was insufficient as it was not an original document. Thus, Defendant has requested an original form 4506 from Plaintiff's current attorney in order to recover Plaintiff's Tax Returns. Finally, on March 22, 2018 Defendant also requested that Plaintiff's current attorney provide a revised Employment Authorization Inasmuch as the authorization received from Plaintiff's former attorney was insufficient.

20. On March 23, 2018, Tanner Law Firm filed a Stipulation and Order to Grant the Powell Law Firm's Motion to Withdraw.

## **DISCOVERY TO BE COMPLETED**

1. Plaintiff will take the depositions of Defendant's witnesses, Angelina Narvarro, Jennifer Caracciolo, Ronnie Coleman on May 22, 2018.

2. Plaintiff will take the deposition of the 30(b)(6) representative for Smith's Food & Drug Centers on May 23, 2018.

3. Defendant will take the deposition of Plaintiff, Landra Hogue on April 10, 2018.

1. 4. The parties will attend an inspection on April 23, 2018 of where the incident occurred.
2. 5. The parties will designate initial and rebuttal experts.
3. 6. The parties will take the depositions of designated expert witnesses and medical providers.
4. 7. The parties will take the depositions of any and all other witnesses garnered through discovery.

## **WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED**

This Request for an extension of time is not sought for any improper purpose or other purpose of delay. Rather, it is sought by the parties solely for the purpose of allowing sufficient time to conduct discovery.

The slow response of certain Plaintiff's medical treatment providers has impeded the parties' ability to take depositions and finalize their initial expert designations by April 23, 2018 (the current deadline). Further, the Tanner Law Firm was associated into the case on March 20, 2018. This has significantly restricted counsel's availability and to make deadlines.

Plaintiff's current and former attorneys have provided voluminous medical records; however, Defense counsel needs to recover records directly from the medical providers to ensure that the records are complete, accurate, and to help Defendant establish the necessary foundation for admission of the records at trial (Defendant is requesting that the medical providers give an authenticating affidavit along with the records).

Defendant needs additional time to recover complete damage (medical) records and justification for needing additional time is as follows: First, the parties have encountered slow responses from the medical providers in sending records. Second, Plaintiff's former attorney had not identified all of the Plaintiff's providers, or provided HIPAA authorizations for all of the providers, so counsel for the parties are working together to give the necessary HIPAA authorizations to allow Defense counsel to recover complete records. Third, the IRS form 4506 provided by Plaintiff's former attorney was incomplete and was not an original document. Form 4506 explicitly mandates that an original form be used to recover IRS records. Fourth, the

4

employment authorization sent by Plaintiff's former attorney was insufficient as it did not allow Defendant to recover employment records from the date of the accident to the present. In short, the documents provided by Plaintiff's former attorney were incomplete and/or insufficient and Defendant needs additional time to recover complete records to submit to a medical/damage expert.

The parties respectfully submit that this constitutes good cause for the extension.

The following is a list of the current discovery deadlines and the parties' proposed extended deadlines.

| Scheduled Event | Current Deadline | Proposed Deadline |
| --- | --- | --- |
| Discovery Cut-Off | June 22, 2018 | **August 21, 2018** |
| Interim Status Report | April 23, 2018 | **June 22, 2018** |
| Expert Disclosure | April 23, 2018 | **June 22, 2018** |
| Rebuttal Expert Disclosure | May 25, 2018 | **July 24, 2018** |
| Dispositive Motions | July 23, 2018 | **September 21, 2018** |
| Joint Pre-Trial Order | August 21, 2018 | **October 19, 2018** |

This Request for an extension of time is not sought for any improper purpose or other purpose of delay. Rather, it is sought by the parties solely for the purpose of allowing sufficient time to conduct discovery in this case and adequately prepare their respective cases for trial.

This is the second request for extension of time in this matter. The parties respectfully submit that the reasons set forth above constitute good cause for the short extension.

…

…

…

…

…

…

…

5

WHEREFORE, the parties respectfully request that this Court extend the discovery period by sixty (60) days from the current deadline of June 22, 2018 and the other dates as outlined in accordance with the table above.

DATED this __27th___ day of March, 2018.     DATED this _27th___ day of March, 2018.

By: /s/ David A. Tanner                          By: /s/ Jerry S. Busby
David A. Tanner, Esq.                                Jerry S. Busby, Esq. Esq.
Nevada Bar No. 8282                                  Nevada Bar No. 1107
**TANNER LAW FIRM**                                  **COOPER LEVENSON, P.A.**
1320 East Pebble Road, Suite 115                     1835 Village Center Circle
Las Vegas, NV 89123                                  Las Vegas, NV 89134
Telephone (702) 987-8888                             Telephone (702) 366-1125
Facsimile (702) 410-8070                             Facsimile (702) 366-1857
*Attorney for Plaintiff*                             *Attorneys for Defendant*

## **ORDER**

IT IS SO ORDERED.

DATED this _28th_ day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE