JERRY S. BUSBY
Nevada Bar #001107
COOPER LEVENSON, P.A.
1835 Village Center Circle
Las Vegas, Nevada 89134
(702) 366-1125
FAX: (702) 366-1857
jbusby@cooperlevenson.com

Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LANDRA HOGUE, individually,<br><br>Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD & DRUG CENTERS, INC. dba SMITH'S, a foreign corporation; DOES I-X, and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | CASE NO. 2:17-cv-02702-APG-CWH<br><br>**STIPULATION AND ORDER TO <u>EXTEND DISCOVERY</u><br>(THIRD REQUEST)** |

**1. The parties can show good cause for the delay in filing the present stipulation.**

This stipulation is submitted in accordance with LR II 26-4 as it is being filed after the expiration date of the Initial-Expert Disclosure Deadline of June 22, 2018.

The requirements to show good cause under LR 26-4 are the same as that for the modification of the scheduling order under Fed. R. Civ. P. 16(b).[1] "The good cause standard primarily considers the diligence of the party or parties seeking the extension. If the party seeking the modification 'was not diligent, the inquiry should end' and the motion should not be granted."[2] In assessing whether good cause exists for an extension of time to complete discovery, the" Court looks to the quality and diligence of prior discovery efforts. It must weigh those efforts against the 'what,' 'why,' 'when,' and 'how' of the

---

[1] *Liguori v. Hansen*, Case No. 11-cv-00492, 2012 U.S. Dist. LEXIS 30076, *19 (D. Nev. Mar. 6, 2012).

[2] *Liguori*, 2012 2012 U.S. Dist. LEXIS at *20; (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)),

CLAC 4535143.1

## A. DISCOVERY COMPLETED TO DATE

1. On March 16, 2017, Plaintiff filed her Complaint in the Eighth Judicial District Court.

2. On May 18, 2017, Plaintiff served the Complaint on Defendant.

3. On June 7, 2017, Defendant filed its Answer to Plaintiff's Complaint.

4. On September 1, 2017, the parties conducted the NRCP 16.1 Early Case Conference in the State Court case.

5. On October 19, 2017, Plaintiff propounded written discovery upon Defendant.

6. On October 23, 2017, Defendant filed its Petition for Removal.

7. On November 30, 2017, the parties submitted a Stipulated Discovery Plan and Scheduling Order for the Court's approval.

8. On December 1, 2017, the Court entered the Stipulated Scheduling Order.

9. On January 4, 2018, Defendant propounded written discovery upon Plaintiff.

10. On January 10, 2018, Defendant responded to Plaintiff's written discovery.

11. On February 13, 2018, Plaintiff responded to Defendant's written discovery.

12. On February 14, 2018, the parties submitted a Stipulation and Order to Extend Discovery (First Request) for the Court's approval.

13. On February 15, 2018, Defendant reviewed the Responses to Request for Production of Documents provided by Plaintiff and her former attorney and identified five (5) additional medical providers. Defendant sent a letter dated February 15, 2018 to Plaintiff's attorney requesting a revised HIPAA authorization to allow Defendant to recover the records from these additional providers.

14. On February 16, 2018, Defense counsel sent letters to the twenty-three (23) Medical Providers that Plaintiff and her former attorney had identified in Plaintiff's disclosure statement and in her responses to written discovery.

15. On February 22, 2018, the parties submitted a Joint Interim Status Report.

16. On February 28, 2018, the Court entered the Stipulated Scheduling Order.

17. On March 1, 2018, The Powell Law Firm filed a Motion to Withdraw as Counsel of Record Without Substitution for Plaintiff Landra Hogue.

18. On March 20, 2018, Tanner Law Firm filed a Notice of Association of Counsel.

19. On March 22, 2018, Defense counsel sent a letter to Plaintiff's current attorney requesting supplemental HIPAA authorizations that were never provided by Plaintiff's former attorney prior to his withdrawal. In addition, Defense counsel had identified a pharmacy where Plaintiff obtained prescriptions so Defendant requested new HIPAA authorizations to include the pharmacy. At present, Defense counsel has also learned of one new medical provider that Plaintiff identified in a recent supplemental disclosure so Defendant is in the process of requesting another HIPAA authorization to allow Defendant to recover records from this newly identified provider. Further, Defense counsel became aware that the IRS form 4506 (for recovery of Tax Returns) that was provided by Plaintiff's former attorney was insufficient as it was not an original document. Thus, Defendant has requested an original form 4506 from Plaintiff's current attorney in order to recover Plaintiff's Tax Returns. Finally, on March 22, 2018 Defendant also requested that Plaintiff's current attorney provide a revised Employment Authorization inasmuch as the authorization received from Plaintiff's former attorney was insufficient.

20. On March 23, 2018, Tanner Law Firm filed a Stipulation and Order to Grant the Powell Law Firm's Motion to Withdraw.

21. Defendant took Plaintiff's deposition on April 10, 2018

22. Plaintiff took the FRCP 30(b)(6) deposition of Defendant on May 28, 2018.

### B. DISCOVERY TO BE COMPLETED

1. The parties will designate initial and rebuttal experts.
2. The parties will take the depositions of designated expert witnesses and medical providers.
3. The parties will take the depositions of any and all other witnesses garnered through discovery.
4. Plaintiff will take the deposition of Ronnie Coleman.
5. Plaintiff will take the deposition of Angelina Navarro.

### C. WHY REMAINING DISCOVERY HAS NOT BEEN COMPLETED

This Request for an extension of time is not sought for any improper purpose or other purpose of delay. Rather, it is sought by the parties solely for the purpose of allowing sufficient time to conduct discovery.

///

At this time, Plaintiff is alleging in excess of $283,684.52. As such, there are numerous medical providers that Plaintiff has treated with following the accident. Defendant has sent out authorizations to all known providers; however, there have been extensive delays from some of the providers in producing the requested records. These delays have impeded the parties' ability to take depositions and finalize their initial expert designations.

Defendant continues to have problems recovering Plaintiff's IRS Tax Returns and employment records. The IRS form 4506 provided by Plaintiff's former attorney was incomplete and was not an original document. Form 4506 explicitly mandates that an original form be used to recover IRS records. Fourth, the employment authorization sent by Plaintiff's former attorney was insufficient as it did not allow Defendant to recover employment records from the date of the accident to the present. In short, the documents provided by Plaintiff's former attorney were incomplete and/or insufficient and Defendant needs additional time to recover complete records to submit to a medical/damage expert.

Finally, Plaintiff has had difficulties locating and serving deposition subpoenas to two former SMITH'S employees: Ronnie Coleman and Angelina Navarro.

The parties respectfully submit that this constitutes good cause for the extension. The following is a list of the current discovery deadlines and the parties' proposed extended deadlines.

| Scheduled Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Discovery Cut-Off | August 21, 2018 | **September 20, 2018** |
| Interim Status Report | June 22, 2018 | **July 23, 2018** |
| Expert Disclosure | June 22, 2018 | **July 23, 2018** |
| Rebuttal Expert Disclosure | July 24, 2018 | **August 22, 2018** |
| Dispositive Motions | September 21, 2018 | **October 22, 2018** |
| Joint Pre-Trial Order | October 19, 2018 | **November 20, 2018** |

///
///
///
///
///

CLAC 4535143.1

5

This Request for an extension of time is not sought for any improper purpose or other purpose of delay. Rather, it is sought by the parties solely for the purpose of allowing sufficient time to conduct discovery in this case and adequately prepare their respective cases for trial. This is the second request for extension of time in this matter. The parties respectfully submit that the reasons set forth above constitute good cause for the short extension.

Respectfully submitted this 3rd day of July, 2018.

| TANNER LAW FIRM | COOPER LEVENSON, P.A. |
|---|---|
| /s/ David A. Tanner<br>DAVID A. TANNER, ESQ.<br>Nevada Bar No. 008282<br>1320 East Pebble Road - #115<br>Las Vegas, NV 89123<br>(702) 987-8888<br>Attorney for Plaintiff<br>TERESA BASSI | /s/ Jerry S. Busby<br>JERRY S. BUSBY, ESQ.<br>Nevada Bar No. 001107<br>1835 Village Center Circle<br>Las Vegas, Nevada 89134<br>(702) 366-1125<br>Attorneys for Defendant<br>SMITH'S FOOD & DRUG CENTERS, INC. |

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: July 11, 2018

6

CLAC 4535143.1